Amadou DIALLO, Petitioner,

v.

DEP'T OF HOMELAND SECURITY, Respondent.

No. 05–3850–AG.

United States Court of Appeals, Second Circuit.

Oct. 10, 2006.

Theodore Vialet, New York, NY, for Petitioner.

Amy E. Ray, Assistant United States Attorney, (Gretchen C.F. Shappert, United States Attorney, on the brief), United States Attorney's Office for the Western District of North Carolina, Asheville, NC, for Respondent.

Present: JON O. NEWMAN, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Amadou Diallo, a native and citizen of Mauritania, seeks review of an order of the BIA affirming a decision by Immigration Judge ("IJ") Philip L. Morace denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *See In re Ahmadou H. Saidou Diallo,* No. A 95 460 303 (B.I.A. June 22, 2005), *aff'g* No. A 95 460 303 (Immig. Ct. N.Y. City Feb. 9, 2004). We assume the parties'

---

1. Because petitioner failed to raise his CAT claim in his brief to this Court, any challenge to the agency's resolution of the claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

familiarity with the facts and the procedural history of this case.

Petitioner claims on appeal that the IJ erred in (1) making an adverse credibility determination based on petitioner's account of his persecution and his family's displacement from Mauritania; (2) finding that there was a lack of credible documentary evidence supporting petitioner's claims; and (3) finding that petitioner did not demonstrate by clear and convincing evidence that his asylum application was timely filed within one year of his entry to the United States.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003) (citations and internal quotation marks omitted).

An applicant for asylum must establish before the agency "by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States," 8 U.S.C. § 1158(a)(3), or that "changed circumstances" or "extraordinary circumstances" warrant the acceptance of his untimely application, 8 U.S.C. § 1158(a)(2)(D). Title 8, Section 1158(a)(2)(B) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely; however, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006).

■ We lack jurisdiction to review petitioner's challenge to the agency's finding that his asylum application was untimely. The IJ found (and the BIA agreed) that petitioner did not demonstrate by clear and convincing evidence that his asylum application was filed within one year of his arrival in the United States. Petitioner does not raise any constitutional claims or questions of law in relation to this finding. *Xiao Ji Chen,* 434 F.3d at 153–54. Accordingly, we must dismiss the petition for lack of jurisdiction insofar as it challenges the denial of petitioner's asylum application. *Id.*

■ We retain jurisdiction over petitioner's withholding of removal claim. Upon a review of the record, we are left uncertain whether the IJ's adverse credibility determination was warranted. In particular, we are unable to discern from the record whether the IJ erred in concluding that petitioner's "testimony was not sufficiently detailed, specific and plausible." The IJ based his conclusion principally on the fact that petitioner did not know who ran the refugee camp in Senegal where he claims to have spent approximately eight years; yet there is no evidence in the record indicating that a refugee would or would not know who ran the particular camp in which he lived. Moreover, petitioner stated during direct examination that Red Cross workers brought him to the refugee camp, and that the people who ran the camp wore a white uniform with a red cross. The IJ also seems to have misunderstood petitioner's statement that he did not recognize anyone in the military camp in Mauritania where

he stayed for two weeks before being expelled from the country when he was twelve years old to mean that he did not know anyone in the refugee camp in Senegal where he then stayed for eight years. In light of this record, we cannot conclude that the IJ's adverse credibility determination was supported by substantial evidence.

■ Because we cannot confidently predict that the IJ would reach the same conclusion absent the potentially erroneous portion of his decision discussed above, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2005), we will remand the case for further proceedings consistent with this order. There will then be an opportunity for the IJ to seek further facts regarding petitioner's displacement from Mauritania and, among other possible lines of inquiry, to determine whether petitioner could reasonably be expected to know more about those who ran the refugee camp where he claims to have lived following his persecution. Because we find the IJ's credibility determination to be flawed, even though we do not have jurisdiction to review his determination regarding the timeliness of petitioner's asylum application, we invite the IJ to revisit that determination in light of his revised evaluation of petitioner's credibility pursuant to this order.

### CONCLUSION

Accordingly, the petition for review is **DISMISSED** insofar is it challenges the denial of petitioner's asylum application, and **GRANTED** insofar as it challenges the denial of petitioner's withholding of removal claim; the case is **REMANDED** for further proceedings consistent with this order.